Appellant Susan Bouffard appeals a February 25, 2000, judgment of the Mahoning County Common Pleas Court, designating appellee Robert Bouffard as the residential parent of the parties' son, and also appeals a March 23, 2000, judgment overruling her motion for modification of visitation and denying a request to place into evidence a deposition of an expert:
 ASSIGNMENTS OF ERROR: I. IT IS AN ABUSE OF DISCRETION TO HOLD A PARENT IN CONTEMPT WHEN A 16-YEAR-OLD HAS MADE AN INDEPENDENT AND INFORMED DECISION TO AVOID VISITATION WITH THE NON-CUSTODIAL PARENT.
 II. IT WAS ERROR FOR THE COURT NOT TO ADMIT THE EXPERT TESTIMONY WHICH WOULD HAVE PROVEN THAT THE FORCED VISITATION WITH THE NON-CUSTODIAL PARENT WOULD HARM THE CHILD.
 III. THE COURT LACKED THE AUTHORITY TO SUA SPONTE, AND WITHOUT A MOTION PROPERLY BEFORE THE COURT, MODIFY THE VISITATION ARRANGEMENT.
The parties were divorced on October 3, 1996. There were two children born as issue of the marriage: a daughter, who is now emancipated, and a son, Jason, born May 10, 1983. Jason was thirteen years old at the time of the divorce. Pursuant to the Separation Agreement incorporated into the divorce decree, both parties were designated residential parents of Jason under a shared parenting plan.
Contention continued between the parties following the divorce judgment. Motions for contempt were filed by both parties. Appellee filed a motion seeking to hold appellant in contempt of court for denying his right to visitation with Jason. Appellant responded that Jason does not want to visit his father, and at seventeen years of age, she cannot compel him to do so. Following a hearing, the Court found appellant in contempt of court, with an opportunity to purge, and designated appellee as temporary legal guardian and residential parent in an attempt to alleviate the lack of visitation and companionship with his son.
 I.
Appellant argues that the court abused its discretion in holding her in contempt, as her son made an independent and informed decision to avoid visitation with his father. Appellant has failed to provide this court with a transcript of the contempt hearing, and the record is, therefore, devoid of any evidence that the son made a decision to stop visiting his father, and she was unable to compel him to do so. When portions of the transcript necessary to resolve issues are not part of the record, the Court of Appeals must presume regularity in the proceedings below and affirm. Knapp vs. Edwards Laboratories (1980), 61 Ohio St.2d 197.
The first Assignment of Error is overruled.
 II.
Appellant argues that the Court erred in failing to admit into evidence the psychological report prepared by Dr. Douglas Darnall. Appellant argues that had the report been admitted, it would demonstrate that forced visitation was potentially damaging to Jason's well-being.
Assuming for the sake of argument that the court erred in excluding the deposition of Dr. Darnall, any error is harmless. The deposition does not contain a conclusive opinion that visitation would be injurious to Jason. Dr. Darnall stated that forced visitation would not improve the relationship between appellee and his son, and he concluded that a change in attitude must occur before reconciliation would result. A non-custodial parent's right of visitation should be denied only under extraordinary circumstances, such as unfitness of the non-custodial parent, or a showing that visitation would cause harm to the child. Pettryvs. Pettry (1984), 20 Ohio App.3d 350, paragraph one of the syllabus. The record does not demonstrate that had Dr. Darnall's testimony been admitted, it would demonstrate that harm would result to Jason from visitation with his father.
The second Assignment of Error is overruled.
 III.
Appellant argues that the court erred in sua sponte awarding temporary custody to appellee, when no motion to do so had been filed with the court. While no motion for change in residential parent status had been filed, the record reflects that on September 29, 1999, appellee filed a contempt motion against appellant for failure to comply with the court order regarding visitation. Further, on February 18, 2000, appellant filed a motion to modify visitation, claiming that the current visitation order was not in the best interest of the child. The order of modification of custody arose as a result of the hearings conducted on these two motions. The jurisdiction of the court was property invoked by the filing of these motions, and the court thereafter had jurisdiction to act in the best interest of the child in determining custody issues. E.g., Marshall vs. Marshall (1997), 117 Ohio App.3d 182, paragraph three of the syllabus (divorce courts have discretion in matters of child custody, in accordance with statutory elements, standards, and factors focusing on the best interest of the child).
The third Assignment of Error is overruled.
The judgment of the Mahoning County Common Pleas Court, Domestic Relations Division, is affirmed.
Reader, V.J.
McCormac, Visiting P. J. and Grey, V.J. concur.